**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| RITA RAMON | § | |
| | § | |
| V. | § | CIVIL NO. 4:25-CV-1166-P |
| | § | |
| GLADNEY CENTER FOR ADOPTION, | § | |
| ET AL. | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE**</u>

This case is now before the Court for review of *pro se* Plaintiff's civil suit.  In this case,
Plaintiff is proceeding *in forma pauperis* and, as such, her pleadings are subject to preliminary
screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court
shall, *sua sponte*, dismiss a case proceeding IFP if the Court determines that, *inter alia*, it is
frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed her Complaint [doc. 1] on October 17, 2025.  After reviewing the Complaint,
the Court, in an order dated November 18, 2025, ordered Plaintiff to file an amended complaint
because it could not, *inter alia*, ascertain "whether Plaintiff has stated any claim upon which relief
can be granted."  On December 7, 2025, Plaintiff filed an Amended Complaint [doc. 8].  In her
Amended Complaint, Plaintiff is suing the following Defendants: (1) Gladney Center for Adoption
("Gladney Center"); (2) Mark Melson, President and Chief Executive Officer at the Gladney
Center; and (3) Yvonne Munoz, a caseworker at the Gladney Center, for the following:

> 14th Amendment Right Due Process and Equal Protection by infringing on the
> fundamental right to the parent-child relationship and denying equal treatment to
> parents.  14th Amendment Due Process Clause protects against involuntary
> commitment without proper legal process and therefore provides a basis for legal
> charge for Wrongful confinement.  5th and 14th Amendment Due Process for the
> forgery committed by the Gladney Center for Adoption on a court document.

(Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 2-3.)   In her "Statement of Claim," Plaintiff states:

> 1. In 2016 Yvonne Munoz caseworker at the Gladney Center for Adoption Coerced me into giving up my son for adoption which is a violation of my 14th Amendment Right Due Process and Equal Protection.  2. On 9-12-2019 Gladney Center for Adoption made a false Police Report against me and got me committed to a mental hospital for 1 week which is a violation of my 14th Amendment Right Due Process Clause. 3. The Gladney Center for Adoption committed forgery on a court document Agreed order for Temporary Injunction in November of 2021[.]  I never agreed to this order and that's not my signature on that order.  Federal and State Criminal Statu[t]e 18 U.S.C.  [§] 1028[,] which violates my 5th and 14th Amendment Right Due Process.

(Pl.'s Am. Compl. at 4.)   In addition, Plaintiff attached multiple documents to her Amended Complaint that, as relevant to her actual claims, referenced events in 2016, 2017, 2019, a letter written by Plaintiff in 2020, police reports referencing incidents on 01/05/2018 and 1/18/2018, and an Agreed Order of Temporary Injunction issued by the 348th Judicial District Court, Tarrant County, Texas, on May 5, 2021.  (*See generally* Pl.'s Am. Compl. and attachments.)

As set forth above, Plaintiff alleges claims against Defendants for violations of various constitutional rights.  (Pl.'s Am. 3-4.)  However, as to such constitutional violations, Plaintiff can generally only sue state actors, not private individuals or businesses, for violating these constitutional rights.  *Sencial v. Coll*, No. 24-0874, 2024 WL 5515975, at *2 (E.D. La. June 21, 2024); *see Sw. Bell Tel.*, *LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).  Such lawsuits are brought under 42 U.S.C. § 1983 and require that the complained-of conduct was committed by a state actor under color of state law.  *See Johnson v. Louisiana*, No. 09-0055, 2009 WL 1788545, at *2 (W.D. La. June 18, 2009).  A private person will be considered a state actor for § 1983 purposes only in rare circumstances that are not implicated here.  *See Harvey v.* Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Because Plaintiff has not asserted any claims under Section 1983 against state actors acting under color of state law, the Court **FINDS and CONCLUDES** that

Plaintiff has failed to state a claim upon which relief can be granted and **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE**.[1]

Because Plaintiff is proceeding *pro se*, her pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Amended Complaint could result in a legally cognizable claim in this Court. Moreover, Plaintiff has had more than one opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and state a viable claim. Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

---

[1] Moreover, even assuming that Plaintiff had alleged a viable claim under Section 1983 against Defendants, the statute of limitations for such suits is determined by the general statute of limitations governing personal injuries in the forum state. *Heilman v. City of Beaumont* 638 F. App'x 363, 366 (5th Cir. 2016). "Texas has a two[-]year statute of limitations for personal injury claims." *Id*. "[T]he limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id*. (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). In this case, Plaintiff, in support of her claims, references dates for events that occurred in 2016 through 2021. Plaintiff, however, did not file her suit until October 17, 2025, which is well past the two-year statute of limitations for any events occurring during this time. Moreover, Plaintiff has not plead facts that suggest liability for injuries that she did not know of until after October 17, 2023, which might have tolled the running of the statute of limitations. *See Heilman*, 638 F. App'x at 366.

In addition, to the extent that Plaintiff is asserting any state-law claims against Defendants, the Court recommends that supplemental jurisdiction over any such claims be declined. *See Flood v. Educ. Credit Mgmt. Corp*., No. 5:18-CV-119, 2019 WL 13256133, at *3 ("Once a court dismisses all the federal claims in a case, it is rarely appropriate to exercise supplemental jurisdiction over remaining state-law claims."); *see* 28 U.S.C. § 1367(c).

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 12, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 29, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE